## PATTERSON v. BLACKISTON.

Supreme Court.   Kent.   October, 1818.

*Clayton's Notebook, 75.*

For the plaintiff it was insisted:

First, that the expressions used did not amount to a contempt.

Second, that if no contempt was committed this action will
lay.   3 Hawk. P.C. 6 and 15, 80 to 85, 286, s. 26, 1 Str. 710, Esp.
N.P. 332.

Third, that the court of a justice of the peace, having no
adjournments, cannot be said to be in session unless there is
some matter in hand at the instant;   therefore there could not
in this case be any contempt, the plaintiff and defendant being
at the time of the alleged contempt engaged in the settlement
of an account of the defendant for fees on cases long before

that at an end, and no cause or judicial proceedings being then on hand.

Fourth, that the Justice was then at the village of Kenton, a distance of five miles from his dwelling-house, and could hold no legal meeting there for the transaction of the business of his office. 2 Del.Laws 1052, c. 250b, s. 27.

Fifth, that the warrant is irregular as a commitment for a contempt, for the commitment is for an indefinite time, and the plaintiff was not convicted, but is merely charged with the offense; and because the Act of Assembly provides a specific punishment, namely, a fine of five pounds. 1 Del.Laws 120.

Sixth, that the warrant is irregular as a commitment in default of sureties for good behavior, because the first warrant did not issue upon an oath, which the Constitution, Art. 1, s. 6, requires, and because moreover the warrant alleges the contempt to be the offense. ([NOTE.] Justice may commit, *super visum,* without oath, Str. 3.)

Seventh, that the warrant is irregular, because it is in the name of B. Blackiston, whereas the Constitution, Art. 6, s. 21, requires it to be in the name of the State.

For the defendant it was contended:

First, that the question of contempt or not cannot be inquired into here—the Justice was the proper judge of that.

Second, that a justice cannot be proceeded against for any act done by him judicially, as this was, unless there be express malice or corruption proved, and then the remedy is by indictment and not by civil action. 3 Hawk.P.C. 80, 4 Bl.Comm. 256, Grayd. 216, 1 Term 633, 12 East 76. ([NOTE.] Bac. Abr. title, "Habeas Corpus," 5, that his only remedy is *habeas corpus.*)

Third, the defendant was in his office for the transaction of business, and parties were in attendance and waiting the conclusion of his business with the plaintiff.

Fourth, although it was illegal to hold meetings at Kenton, yet the acts done there by the Justice were valid.

Fifth, the warrant of commitment is regular and pursues form in Grayd. 215.

PER CURIAM. (Present: JOHNS, C. J., DAVIS and PAYNTER, JJ.)

The Act of Assembly, 1 Del.Laws 120, relates to courts of record and not to courts of a justice of the peace. The fifth objection of plaintiff therefore fails.

The Justice had in this case a right to commit for a contempt. We cannot inquire whether he was correct in the exercise of his

judgment. He was the proper and the sole judge of the fact whether there was or not a contempt. ([NOTE.] *Rex v. Powel*, 1 Str. 420, that if the contempt was behind the back of the Justice, he cannot commit for it.) An officer is not answerable in a civil action for a mere error of opinion in any judicial act, 1 Str. 74. The warrant is regular. For a contempt committed in the presence of a justice of the peace, he may either imprison the offender for a definite period or require sureties for his good behavior.

The Constitution refers to search warrants and was never considered as extending to commitments for contempts of court. 1 Str. 3.

The operation of 2 Del.Laws 1052 is not to render the Justice's acts void, but merely to render himself punishable.

The only question for the jury is whether the Justice was guilty of malice or corruption. If not, this action fails.

Verdict for the defendant.

*Clayton, Ridgely* and *Brinckle* for plaintiff; *Hall* for defendant.